**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

SCOTT DOW,

Plaintiff,

v.

FEDERAL EXPRESS CORPORATION,

Defendant.

Civil Action No. 1:26-cv-00726-YK

**DEFENDANT FEDERAL EXPRESS CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Federal Express Corporation ("FedEx") answers the Complaint and admits only what is expressly admitted herein. FedEx denies all remaining allegations and demands strict proof.

## I. NATURE OF THE ACTION

1. FedEx denies that the Plaintiff is entitled to relief. Federal Express Corporation ("FedEx") has complied with all applicable laws, including CHRIA. Plaintiff was appropriately denied employment due to his prior offenses, and failure to disclose all of them, offenses which included criminal use of communication equipment, child pornography, violence, and his status as a sex offender.

## II. JURISDICTION AND VENUE

2. FedEx admits jurisdictional allegations solely for jurisdictional purposes and denies that the Plaintiff is entitled to relief.

3. FedEx admits jurisdictional allegations solely for jurisdictional purposes and denies that the Plaintiff is entitled to relief.
4. FedEx admits jurisdictional allegations solely for jurisdictional purposes and denies that the Plaintiff is entitled to relief. Further, this is a statement of law to which no response is required.
5. Denied, there is no anchoring claim that invokes Federal Question Jurisdiction.
6. FedEx does not have independent knowledge to confirm or deny the Plaintiff's residence. Additionally, FedEx denies that any events, occurrences, or transactions gave rise to a cause of action. Throughout, FedEx complied with the law by denying a management-level position to a violent sex offender and notifying him appropriately under CHRIA of FedEx's decision. Independent of that, FedEx had the independent ground to withdraw the conditional offer based on the Plaintiff's failure to disclose his violent offenses, for holding a knife to his mother's neck, in his voluntary disclosure form, which is not protected by CHRIA.

## III. PARTIES

7. FedEx lacks independent knowledge to affirm or deny the Plaintiff's place of residence.
8. Admitted as to incorporation and business location.

## IV. FACTS

9. FedEx admits it made Plaintiff a conditional offer and later withdrew it by letter. All other factual allegations are denied with strict proof demanded.

10. Admitted as to the location of the job for which the conditional offer of employment was made.
11. FedEx admits it made Plaintiff a conditional offer of employment and later withdrew it by letter. All other factual allegations are denied with strict proof demanded.
12. FedEx admits it made Plaintiff a conditional offer of employment and later withdrew it by letter. All other factual allegations are denied with strict proof demanded.
13. FedEx admits it made Plaintiff a conditional offer of employment and later withdrew it by letter. All other factual allegations are denied with strict proof demanded.
14. FedEx admits it conducted a background check, but also that Plaintiff voluntarily disclosed his child pornography convictions, while failing to disclose his crimes of violence.
15. FedEx admits that these are some of the charges that the Plaintiff has faced.
16. FedEx admits it made Plaintiff a conditional offer of employment and later withdrew it by letter. All other factual allegations are denied with strict proof demanded.
17. Denied. The Plaintiff was not eligible for employment due to four reasons: his own disclosure of his criminal history, the absence of mitigating factors listed by the Plaintiff on the background check authorization form, the omission of his violent offenses in his voluntary disclosure, and the background check confirming the same.
18. Denied in that FedEx has no duty under CHRIA, nor any other law, to disclose which duties of a job are directly related to violent and sex offenses.
19. Denied that Plaintiff had a duty to explain anything under CHRIA, nor any other applicable statute, rule, or regulation.
20. Denied, FedEx demands strict proof thereof.

21. Denied, FedEx demands strict proof thereof.
22. FedEx asked for additional information on the Background Check Permission Form, including mitigation. Hence, denied. Further, denied that FedEx has any duty to request additional information regarding the Plaintiff's offenses.
23. Denied, FedEx demands strict proof thereof.
24. Plaintiff is convicted of misusing a communications device and child pornography, for which he is a registered sex offender; the details of these offenses are not clear to FedEx, and FedEx maintains that child pornography itself is a crime of moral turpitude, and his harassment convictions also disqualify him from eligibility for the job. Plaintiff's failure to disclose his acts of violence during the application process reflect on his character and fitness for the job. Hence, FedEx denies that Plaintiff is free of crimes reflecting on his moral turpitude.
25. FedEx lacks independent knowledge as to whether the child pornography and misuse of communication systems involved an employer's equipment, nor does it matter, as the Plaintiff is violent and a sex offender, who failed to disclose his violent offenses during the application process.
26. Denied that FedEx has an obligation under CHRIA to inform the Plaintiff of the reasons why his criminal history is disqualifying. Admitted that Plaintiff received notice in accordance with the statute.
27. Denied, FedEx demands proof thereof.
28. Denied that there was any violation of CHRIA or any other policy, statute, regulation, or ordinance.

**COUNT I**

29. The denials and admissions above are incorporated herein as if fully set forth herein.

30. This is a statement of law to which no response is required.

31. Admitted in part, Plaintiff's own disclosure of his criminal past and lack of rehabilitation was persuasive in denying him employment.

32. Denied, FedEx demands strict proof thereof.

33. Denied, FedEx demands strict proof thereof.

34. Denied, FedEx demands strict proof thereof.

35. Denied, FedEx demands strict proof thereof.

**AFFIRMATIVE DEFENSES**

1. Failure to state a claim—Plaintiff fails to explain how his criminal violations are not disqualifying or how the Defendant specifically violated the statute, as the duties of explanation, evaluation of mitigation, and assessment of individual circumstances do not exist under the statute. Plaintiff simply claims, without specific facts to support the claim, that there was a violation of CHRIA, but does not make a sufficient claim because he was not qualified for the position due to his criminal history, and he provides no relevant argument otherwise. Instead, Plaintiff combines unfounded duties to advocate for the alleged rights of violent sex offenders.

2. Alternative causation—Plaintiff's job offer was rescinded partially or entirely because he failed to disclose his violent offenses, which included holding a knife to his mother's neck, on his application. To the extent that Plaintiff was not hired due to any factor not covered by CHRIA, including non-disclosure, Plaintiff is barred from recovery under CHRIA.

Rescinding the job offer to Plaintiff, for not disclosing his violent offenses, is not covered under CHRIA.

3. Lack of jurisdiction—There is no Federal Question and hence no supplemental jurisdiction as pled by the Plaintiff. There is no Diversity Jurisdiction as the Plaintiff does not plead that the amount in controversy exceeds the statutory threshold. This Court lacks a basis for jurisdiction in the Complaint.

4. No CHRIA violation—There is no evidence that the Defendant violated CHRIA in any way. Even if all that the Plaintiff alleges is true and FedEx failed to fulfill duties that the Plaintiff claims it had, there is no violation of CHRIA, because these duties do not actually exist under the statute; the Plaintiff invented them. FedEx provided proper notice of its decision under the statute, in accordance with CHRIA and therefore acted, at all times, in compliance with the statute.

5. CHRIA does not require hiring the Plaintiff—Defendant did not violate CHRIA because the statute explicitly allows the consideration of the Plaintiff's criminal record, including its existence, when assessing the character and fitness for the job. This policy enabled FedEx to withdraw the offer after discovering the Plaintiff's multiple serious criminal convictions and realizing that the Plaintiff did not disclose convictions for violence. Therefore, FedEx is not liable for violating CHRIA by considering multiple criminal offenses as disqualifying.

6. Lack of causation—Plaintiff cannot demonstrate that FedEx's actions caused his alleged injuries, as his own criminal record and registered sex offender status, along with his failures to disclose violent offenses, are the actual causes.

7. After-acquired evidence—Defendant reserves the right to use all evidence it regarding unfitness for employment in its defense and to justify its decision to rescind thejob

offer to Plaintiff. If there is after-acquired evidence, FedEx is not responsible for revoking the job offer under CHRIA (which it asserts it is not responsible for anyway) because the job offer would have been rescinded otherwise; or, if after hire, the Plaintiff would have been terminated. This means there was no causal link between the alleged CHRIA violation and the alleged damages.

8. Good faith—FedEx at all times acted in good faith in withdrawing the Plaintiff's job offer.

9. Legitimate Reason—Even if all that the Plaintiff alleges is true, FedEx had a valid reason not to hire him due to his convictions for acts of violence and registered sex offender status, in addition to the fact that he did not disclose his violent offenses during the application process.

10. Status and standing— Plaintiff is not an aggrieved individual under the statute, because he has not suffered substantial harm per the statutory requirement. The Plaintiff is a tester who never intended to accept the job.

11. Lack of willfulness—Even if the Plaintiff proves that there was a technical violation of the statute, and FedEx denies the same, any alleged violation(s) was/were not willful.

12. Speculative damages/lack of actual damages—Plaintiff's damages are not actual, as he is a tester, and at best, any damages are speculative and likely nonexistent, since Plaintiff earns his living by suing employers for not hiring sex offenders with a history of violence, not by working for them.

13. Statutory limits—The statute restricts recovery and offers narrower remedies than what the Plaintiff claims entitlement to; therefore, even if the Plaintiff is entitled to damages, they are not entitled to all the damages they seek.

14. Failure to mitigate—The Plaintiff has not mitigated his damage. If the Defendant is found liable for any violation, it is entitled to a set-off for the amount the Plaintiff failed to mitigate, or did mitigate, his alleged damages.

15. Estoppel/Waiver—If the Plaintiff has contradicted his statements in any other statements in any action, he is barred from recovering in this case. The Plaintiff is estopped from seeking compensatory damages because he is a tester Plaintiff who applied to several jobs to test the system and to initiate a lawsuit on behalf of the rights of violent sex offenders. Additionally, the Plaintiff is estopped from claiming damages because his own criminal conduct and omissions caused the alleged damage.

16. Unclean hands—Even if everything that the Plaintiff alleges is true, and it is not, the Plaintiff is barred from recovery by the doctrine of unclean hands.

17. Other regulation—To the extent that Plaintiff would have had to pass any further inquiries into his character and fitness by agencies, such as the TSA and DOT (for SIDA, STA, or other purposes), the details of his criminal record likely disqualified him from passing any inquiry into character and fitness, which alleviates FedEx of any alleged liability to the extent any third party background checks applied.

18. Reservation of defenses—The Defendant hereby reserves the right to amend and add to these defenses, as more information is discovered through the course of this action.

**WHEREFORE**, FedEx requests dismissal with prejudice, the award of its attorney's fees, costs, and any other relief this Court deems just and proper.

**JURY TRIAL DEMAND**—Defendant hereby requests a jury trial on all those issues so triable.

Respectfully submitted,

Joshua H. Sheskin (Fla. Bar 93028)(pro hac vice)
Federal Express Corporation
1000 FedEx Drive
Moon Township, PA 15108
Telephone: (412) 627-4757
Fax: (412) 859-5413
Email: joshua.sheskin@fedex.com

**CERTIFICATE OF SERVICE**

I certify that on this date, I electronically filed the foregoing Answer with the Clerk of Court using the CM/ECF system, which will send notice to all counsel of record.

Date: April 2, 2026,

Joshua H. Sheskin, Esq.